UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH ANN HACKETT,

                                        Plaintiff,

                    v.

ANDREW SAUL,
Commissioner of Social Security,

                                        Defendant.
_____

<u>DECISION AND ORDER</u>

14-CV-6280L

          Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this

action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C.

§406(b).  (Dkt. #15).  Pursuant to a contingent fee agreement permitting an award of attorney's

fees of up to 25% of the past-due benefits award, plaintiff's counsel, Charles E. Binder, seeks an

award of $26,475.25 (25% of the award for past-due benefits), which will be reduced by $5,500.00

when counsel refunds to plaintiff the amount previously awarded to the plaintiff for attorney fees

under the Equal Access to Justice Act ("EAJA").   This would result in net fees in the amount of

$20,975.25, which represents less than 20% of the $105,901.00 sum awarded to plaintiff for

past-due benefits.

          The Commissioner does not oppose plaintiff's motion, and has filed a response indicating

that the *de facto* hourly rate sought by counsel exceeds the rate found reasonable by some courts

in this Circuit, but falls within the range found reasonable by others.[1]

_____

[1]  The Commissioner calculates the *de facto* hourly rate as $894.43, using as the operative figure the $26,475.25 sought
by plaintiff's counsel in the instant motion.   Because the total amount of attorney's fees received will be significantly

The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise in Social Security law, the results that were achieved, and the absence of any delay in the proceedings by counsel.   *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #15-3), and I find no evidence of delay or duplication of effort.   The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall.   *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).   The Court further observes that the amount sought, both before and after the refund of EAJA fees, falls well below the statutory 25% cap.   *See* 42 U.S.C. §406(b)(1)(A).

The net amount of attorney's fees that counsel stands to receive – $26,475.25 – results in a *de facto* hourly rate of $708.62 for 29.6 hours of attorney time. This amount is within the range of hourly fees found to be reasonable in similar cases in this district.   *See e.g., Rice v. Commissioner*, 2019 U.S. Dist. LEXIS 6405 at *6 (W.D.N.Y. 2019) (collecting cases, and noting that hourly rates of $726.40 per hour and similar are not unreasonable); *Wells v. Berryhill*, 2018 U.S. Dist. LEXIS 196634 at *8 (W.D.N.Y. 2018) (finding that a fee request that would result in *de facto* rates of $911.50 per hour is unreasonable, and reducing the award to a "reasonable" fee with *de facto* hourly rates of $740.85 per hour); *McCarthy v. Colvin*, 2016 U.S. Dist. LEXIS 78273

---

reduced when counsel refunds the $5,500.00 EAJA award to plaintiff, the Court has made its *de facto* hourly rate calculations based on the net amount of attorney's fees that plaintiff's counsel stands to be paid.   *See e.g., Sarah L. v. Colvin*, 2018 U.S. Dist. LEXIS 199871 at *8 n.3 (N.D.N.Y. 2018) (calculating the *de facto* hourly rate based upon the net amount of attorney's fees sought, after reduction for the refunded EAJA fee); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014) (calculating *de facto* hourly rate after reduction by refund of the prior EAJA award).

at *4-*5 (W.D.N.Y. 2016) (finding a *de facto* hourly rate of $758.69 per hour to be reasonable, and observing that Second Circuit has upheld fee awards at even higher rates).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #15) in the amount of $26,475.25 is granted.   The award is to be made payable to Charles E. Binder, Esq., attorney for plaintiff.   If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
          April 20, 2020.